## WAGSTAFF *et al. v.* MARY E. BRADEN.

MISTAKE IN JUSTICE'S JUDGMENT. *Jurisdiction of Chancery Court.* The judgment of a Justice of the Peace, if not appealed from, is conclusive, and a Court of Chancery has no jurisdiction to correct a mistake in the amount of said judgment.

CHANCERY COURT. *Jurisdiction of. Section 4,281 of the Code construed.* If from the face of the bill the "debt or demand" be less than $50, the Chancellor ought to dismiss it; but if the debt or demand claimed in the bill be more than $50, the Chancery Court, *prima facie*, has jurisdiction; and if the defendant submits to answer, he can not on the hearing resist a decree, because the amount found due to complainant is less than $50. 1 Swan., 591.

---

FROM GILES.

---

Appeal from the Chancery Court. J. C. WALKER, Chancellor.

BROWN & McCOLLUM for Wagstaff *et al.*

HILLARY WARD for Braden.

DEADERICK, J., delivered the opinion of the Court.

Complainants filed their bill in the Chancery Court at Pulaski against defendants, claiming that there was due to them $80.30 and $51.90, being for mistakes made in entering two judgments in their favor by J. M. Shields, a Justice of the Peace of Giles County, and $30.25, balance due upon said judgments as entered. They allege and show by proof that on the amount of the judgments as entered the defendants

Wagstaff *et al.* *v.* Mary E. Braden.

still owed the sum of $30.25, although by mistake they had given them a receipt in full for the amount of the judgments.

Complainants set up in their bill a demand upon defendants of $162.45.

But defendants insist that the Justice's judgments are conclusive of the amounts due, and not having been appealed from, they can not be disturbed, and complainants failing to establish their claim for the $80.30 and the $51.90, the Chancery Court has no jurisdiction to render any decree for the $30.25.

The Chancellor so decreed, and complainants appealed.

The Chancellor properly held that he could not interfere with the Justice's judgments, although there seems to have been the mistake against complainants, but we do not think it follows that because complainants do not establish their right to recover all that is claimed in the bill, that they can not therefore have a decree for such part of their claim as they may show a right to recover, although the same is less than $50.

Section 4,281 of the Code provides that the Chancery Court shall have no jurisdiction of any debt or demand of less value than $50.

Such are the provisions of the Act of 1801, Ch. 6, Sec. 1, construed in 1 Swan, 291, where it is held that the jurisdiction of the Court does not depend upon the result of the case, but on the amount of the " debt or demand " constituting the foundation

of the suit. If this, from the face of the bill, be less than $50, the Chancellor ought to dismiss the suit; but if the debt or demand claimed in the bill be more than $50, the Chancery Court, *prima facie*, has jurisdiction; and if defendants submit to answer, they can not on the hearing resist a decree, because the amount found' due to complainants is less than $50.

In this case defendants have answered, and have contested successfully the complainant's right to recover the $80.30 and $51.90, claimed in their bill, but we are of opinion that complainant is entitled to a decree for the $30.25, and interest, which is shown to be still due upon the judgment in her favor.

The Chancellor's decree will be modified accordingly, and defendants will pay the costs of the Court below and the costs of this Court.